IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Case No.

IN RE: $9,714.00 IN UNITED STATES CURRENCY AND $1,600.00 IN UNITED STATES CURRENCY

---

### UNITED STATES' MOTION FOR EXTENSION OF TIME TO INITIATE FORFEITURE ACTION

---

The United States of America ("United States"), by and through United States Attorney Jason R. Dunn and Assistant United States Attorney Kurt J. Bohn, moves this Court pursuant to 18 U.S.C. § 983(a)(3)(A), to extend the time in which the United States is required to initiate a civil or criminal forfeiture action from December 15, 2020 to March 15, 2021.  The property subject to potential forfeiture consists of two assets seized from Jerome Eickstadt in Grand Junction, Colorado on July 10, 2020.  The assets are more fully described as follows:

   a. $9,714.00 in United States currency seized from a black bag located in the center console of the suburban vehicle during a traffic stop on Jerome Eickstadt on July 10, 2020; and

   b. $1,600.00 that was seized from Jerome Eickstadt's person during a traffic stop on Jerome Eickstadt on July 10, 2020.

   1.   The Subject Assets were seized pursuant to 21 U.S.C. § 881 as proceeds from violations of 21 U.S.C. § 841.

   2.   The Drug Enforcement Administration ("DEA") initiated an administrative forfeiture proceeding against the Subject Assets and an administrative claim was filed

1

by Kayla Dodson on September 16, 2020 and an administrative claim was submitted by Jerome Eickstadt, through his attorney Daniel Shaffer, on September 28, 2020.

    3.    The case was referred to the United States Attorney's Office in the District of Colorado on December 7, 2020, to initiate a forfeiture action.

    4.    Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is extended by the Court for good cause or upon agreement of the parties, the United States is required to file a civil complaint for forfeiture against the Subject Asset or obtain an indictment alleging that the Subject Asset is subject to forfeiture no later than December 15, 2020. If the United States fails to do so, it is required to release the Subject Assets and may not take any further action to effect the forfeiture of the Subject Assets in connection with the underlying offenses.

    5.    The United States has attempted to contact pro se claimant Kayla Dodson regarding this continuance and was unsuccessful.  However, the United States will continue to attempt to engage in settlement discussions to resolve claimant Dodson's interest in the Subject Asset prior to initiating a civil or criminal forfeiture action.

    6.    On December 11, 2020, the United States has conferred with Jerome Eickstadt, through counsel Daniel Shaffer, (collectively the "Parties") and claimant Jerome Eickstadt does not oppose this motion.  The parties will attempt to engage in settlement discussions in an effort to resolve claimant Eickstadt's interest in the Subject Assets prior to initiating a civil or criminal forfeiture action.

    WHEREFORE, the United States respectfully moves this Court pursuant to 18 U.S.C. § 983(a)(3)(A) to extend the period within which the United States is required to file a forfeiture action against the Subject Asset through March 15, 2021.

DATED this 11th day of December 2020.

        Respectfully submitted,

        JASON R. DUNN
        United States Attorney

By: s/ *Kurt J. Bohn*
    Kurt J. Bohn
    Assistant U.S. Attorney
    U.S. Attorney's Office
    1801 California Street, Suite 1600
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: Kurt.Bohn@usdoj.gov
    *Attorney for the United States*